IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO ARANDA,

    Plaintiff,                    No. CIV S-07-0805 MCE DAD P

    vs.

ELIZABETH MEYERS, et al.,       <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATION</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1). In light of these findings and recommendations, the in forma pauperis application will be denied. <u>See</u> 28 U.S.C. § 1915(e)(2).

I. <u>Screening Requirement</u>

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915A(b)(1) & (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
11 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13 Corp. v. Twombly, ___ U.S. ___,     , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
14 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
15 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
16 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
17 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
18 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
19 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
20 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
21 (1969).

22       The Civil Rights Act under which this action was filed provides as follows:

23       Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
24       deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
25       law, suit in equity, or other proper proceeding for redress.

26 /////

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II. Plaintiff's Complaint

Plaintiff provides a lengthy and, at times, incomprehensible statement of his claim.  Essentially, it appears that plaintiff contends that defendant Meyer, a detective with the Los Angeles Sheriff's Department, and unknown California Department of Corrections and Rehabilitation (CDCR) officers have conspired to "target" him by "observing and monitoring plaintiff, creating the environment that caused the harm mentioned in this complaint[,] conduct via electronic transmitters, speakers and video cameras installed throughout prison structure, collaborating with prison inmates and correctional officers."  (Compl. at ¶2.)  Plaintiff alleges that defendants Harris, McKray, and Wong, all correctional officers at California State Prison - Sacramento, are "accomplices of defendants [sic] monitoring and observing plaintiff."  (Id. at ¶ 3.)  Plaintiff contends that on July 27, 2006, inmate Menefield initiated an altercation with

3

plaintiff. (Id. at ¶ 4.) Plaintiff believes that Menefield was solicited by defendant McKray to start the altercation. (Id.) Defendant Harris authored a rules violation report for mutual combat even though he had not observed plaintiff fighting back when attacked by Menefield. (Id. at ¶ 5.) Plaintiff alleges that he was placed in administrative segregation housing and remained there for 90 days, awaiting bed space, before he was sent back into general population housing. (Id. at ¶ 7.) Based on comments by other inmates that were communicated through the air vents and by "electronic transmissions" into cells, plaintiff believes that inmate Menefield was attempting to provoke plaintiff to fight and that Menefield did so because he was offered $10,000 by unknown persons. (Id. at ¶¶ 9-10, 13.) Inmate Menefield subsequently admitted to an investigative employee that he initiated the fight and that plaintiff did not fight back. (Id. at ¶ 11.) Following a disciplinary hearing, plaintiff's rule violation was dismissed "in the interest of justice." (Id. at ¶12.)

Plaintiff also contends that defendant L.A. sheriff detective Meyers was involved in targeting him. (Id. at ¶13.) Based on a comment made by defendant Wong, plaintiff believes that there is an ongoing conspiracy to charge plaintiff with rule violations. (Id. at ¶ 15.) Plaintiff also believes that inmates are being solicited to attack him in his cell. (Id.) Accordingly, on August 21, 2006, plaintiff submitted an inmate grievance requesting that he be single-celled. (Id. at ¶ 16 and Ex. B.) At the second level of review, the appeal was granted and on November 2, 2006, the institutional classification committee directed that plaintiff be placed on single cell status. (Id. at ¶18.)

Plaintiff seeks monetary damages of five million dollars. (Id. at ¶ 22.) He also seeks injunctive relief prohibiting defendants "from monitoring and observing plaintiff in civil harassment and real threat [sic]," and prohibiting defendant Meyers "from entering California State Prison - Sacramento in Represa . . . and Mule Creek State Prison . . . where threat persists." (Id. at ¶ 23.)

/////

III.  Failure to State a Claim

The court finds that plaintiff has failed to state a cognizable conspiracy claim.  To establish the existence of a conspiracy, plaintiff must allege facts demonstrating that there was an agreement between defendants to violate his constitutional rights.  See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989); Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  To state a cognizable conspiracy claim the complaint must allege facts demonstrating that each participant in the alleged conspiracy shared the general conspiratorial objective.  See Fonda, 707 F.2d at 438; see also Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).  Here, plaintiff has not alleged facts demonstrating that the defendants "reached 'a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement.'"  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)).  Moreover, plaintiff's complaint fails to set forth allegations of fact demonstrating that the named defendants were acting in furtherance of a conspiracy.

Plaintiff's complaint also fails to adequately allege facts demonstrating that the defendants' objective was to violate plaintiff's constitutional rights.  In this regard, it appears that plaintiff is contending that there was a conspiracy to engage plaintiff in an altercation with inmate Menefield.  Plaintiff claims to believe that such a conspiracy exists based on comments and banter by inmates plaintiff has overheard through the prison air vents and through electronic transmissions.  The court finds that plaintiff is "postulating events and circumstances of a wholly fanciful kind."  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  Such allegations do not state a cognizable constitutional claim.  In addition, plaintiff has not alleged that he has suffered an actual deprivation of his constitutional rights as a result of the alleged conspiracy.  Woodrum, 866 F.2d at 1126.  In fact, according to plaintiff's own allegations the rule violation report charging him with engaging in mutual combat was dismissed and plaintiff subsequently has been granted single-cell status by prison officials.

1    Plaintiff is also not entitled to the injunctive relief he seeks.  The court is unable to
2 issue a broad order denying a law enforcement officer access into a prison facility, or an order
3 prohibiting the correctional officer defendants from "monitoring and observing plaintiff."
4 (Compl. at ¶23.)  Such injunctive relief is unrealistic in light of the nature of the duties performed
5 by law enforcement and correctional officers and is not warranted based upon the allegations of
6 plaintiff's complaint.
7    In addition to his conspiracy claim, plaintiff asserts that he is proceeding with a
8 state tort claim and requests that the court exercise "pendent jurisdiction."  (Compl. at ¶ 21.)  The
9 district court may decline to exercise supplemental jurisdiction over a claim "if the district court
10 has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  See
11 also Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), cert. denied, 528 U.S. 1154 (2000)
12 (citing Fang v. United States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight v. Savell, 70 F.3d
13 1552, 1565 (9th Cir. 1995)).  If the findings and recommendations are adopted, the federal claim
14 over which this court has original jurisdiction  will be dismissed and thus the balance of relevant
15 factors points toward declining to exercise jurisdiction over any remaining state law claims.  See
16 Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994); Imagineering, Inc. v.
17 Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992).  Therefore, the undersigned will also
18 recommend that plaintiff's state law claim be dismissed without prejudice to its refiling in state
19 court.

IV.  Plaintiff's Other Requests

21    Plaintiff has requested the appointment of counsel.  The United States Supreme
22 Court has ruled that district courts lack authority to require counsel to represent indigent
23 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
24 certain exceptional circumstances, the court may request the voluntary assistance of counsel
25 pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
26 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Finally, plaintiff has filed a request for a preliminary injunction and temporary restraining order which seeks the same relief as set forth in his complaint.  In light of these findings and recommendations, the request will be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 30, 2007 application requesting leave to proceed in forma pauperis, is denied;

2. Plaintiff's November 15, 2007 request for the appointment of counsel is denied; and

3. Plaintiff's November 15, 2007 request for a preliminary injunction and temporary restraining order, is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed for failure to state a claim;

2. This action be dismissed; and

3. Plaintiff's state law claim be dismissed without prejudice to its refiling in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

/////

/////

/////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: December 5, 2007.

```
                                  /s/ Dale A. Drozd
                                  DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE
```

7  DAD:4
   aran0805.56